Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9355 | **DATE** | 12/17/2012 |
| **CASE TITLE** | Marshall T. Dean (#2012-0304090) v. Cook County Department of Corrections | | |

**DOCKET ENTRY TEXT:**

Plaintiff Rashaan Smith has failed to submit a properly completed and certified motion to proceed *in forma pauperis*, and is dismissed as a Plaintiff. Plaintiff Marshall Dean's motion to proceed *in forma pauperis* [#3] is granted. The trust fund officer at Plaintiff's place of confinement is authorized to make deductions from his account in accordance with this order. However, Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim. The case is closed on the Court's docket. Any other pending motions are denied as moot. This is one of Plaintiff Dean's three allotted dismissals under 28 U.S.C. § 1915(g). *The Clerk is directed to correct Dean's name on the docket to reflect that his name is Marshall T. Dean.*

■ [**For further details see text below.**]          Docketing to mail notices.

## STATEMENT

Plaintiffs Rashaan Smith and Marshall Dean, pre-trial detainees in custody at the Cook County Jail, Chicago, Illinois, have submitted a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiffs make a claim against Defendant Cook County Department of Corrections, relating to their conditions of his confinement for an eight month period in 2012. More specifically, Plaintiffs allege that there were no shower curtains hung in his cell-house and that, instead, the jail has hung bed sheets that Plaintiffs contend are caked with sweat, germs, and bacteria.

Plaintiff Smith has failed to submit an i.f.p. application; accordingly he is dismissed as a Plaintiff. Plaintiff Dean's (hereinafter, "Plaintiff") motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $17.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

However, under 28 U.S.C. § 1915A, the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be
**(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state a claim as a matter of law.

Plaintiff alleges that he has been subjected to unsanitary conditions at the Cook County Jail, in the form of a dirty, bacteria laden bed sheet hung as a shower curtain. Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment. *Farmer v. Brennan*, 511 U.S. 825, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994). Prisoners are, however, entitled to "the minimal civilized measure of life's necessities," including adequate shelter. *Id*. "Inmates cannot expect the amenities, conveniences, and services of a good hotel . . . ." See *Harris v. Fleming*, 839 F.2d 1232, 1235-36 (7th Cir. 1988). While the condition complained of sounds unpleasant, the Court finds that it does not implicate the constitution. Consequently, the complaint is dismissed.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted, and is closed on the Court's docket. Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike."